UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY # 471229,

    Plaintiff,                          Case No. 07-13839

v.                                       David M. Lawson
                                         U.S. District Judge

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*            Michael Hluchaniuk
                                         U.S. Magistrate Judge

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S REQUEST FOR INJUNCTION**

**I.    PROCEDURAL HISTORY**

Plaintiff, David McCloy, filed this lawsuit against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. # 1). Although his complaint is not entirely clear,[1] apparently, plaintiff claims that defendants failed to provide him with regular and necessary insulin injections for his diabetes. (Dkt. # 1). Plaintiff filed an application to proceed *in forma pauperis*, which was granted on October 26, 2007. (Dkt. # 5, 7). District Judge

---

[1] Defendants have filed motions for more definite statements, which will be disposed of in a separate order. (Dkt. # 38, 54).

1

Report and Recommendation
Plaintiff's Request for Injunction
*McCloy v. MDOC et. al.*, Case No. 07-13839

David M. Lawson referred this matter for all pretrial purposes to Magistrate Judge R. Steven Whalen on November 9, 2007. (Dkt. # 9). This matter was reassigned to the undersigned on January 14, 2008. (Dkt. # 14).

Before the summons and complaint were served on any defendants, plaintiff filed a "request" for an injunction, apparently seeking an order requiring defendants to provide him with regular insulin and appropriate treatment for his diabetes. (Dkt. # 13). The Court entered an Order directing service of the summons and complaint on March 12, 2008. (Dkt. # 19). On April 22, 2008, this Court also ordered defendants to respond to plaintiff's request for injunctive relief. (Dkt. # 44). The Michigan Department of Corrections defendants (MDOC defendants) filed a response on May 8, 2008 arguing that plaintiff's request was moot because he had been transferred to a different correctional facility. (Dkt. # 49). Defendant Correctional Medical Services, Inc. (CMS) filed a response on May 12, 2008, also arguing that plaintiff's request was moot because of his transfer and also suggesting that plaintiff failed to establish a likelihood of success on the merits or show irreparable harm, as required before injunctive relief may be granted. (Dkt. # 53).

2

Report and Recommendation
Plaintiff's Request for Injunction
*McCloy v. MDOC et. al.*, Case No. 07-13839

## II. DISCUSSION

### A. Standard of Review

The availability of injunctive relief is a procedural question that is governed by federal law. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991). The Sixth Circuit has held that a court must consider four factors in deciding whether to issue a preliminary injunction:

1. whether the movant has established a substantial likelihood or probability of success on the merits;

2. whether the movant has demonstrated a threat of irreparable harm;

3. whether the issuance of a preliminary injunction would cause substantial harm to others; and

4. whether the public interest is served by the issuance of an injunction.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), overruled on other grounds, *729, Inc. v. Kenton Co. Fiscal Court*, 515 F.3d 485 (6th Cir. 2008). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting, *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)). A plaintiff must always, however,

3

Report and Recommendation
Plaintiff's Request for Injunction
*McCloy v. MDOC et. al.*, Case No. 07-13839

show irreparable harm before a preliminary injunction may issue. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982).

      B.    <u>Plaintiff's Request for Injunctive Relief is Moot</u>.

As suggested by defendants, the Court need not balance the four factors above because plaintiff's request for preliminary injunctive relief is entirely moot. *See, e.g., Davis v. Caruso*, 2008 WL 878878 (E.D. Mich. 2008). In his complaint and motion, plaintiff alleges that personnel at the Gus Harrison Correctional Facility, the Cotton Correctional Facility, and the St. Louis Correctional Facility denied him regular insulin injections and treatment for his diabetes or otherwise mistreated him in violation of his constitutional rights. (Dkt. # 1, 13). Significantly, the MDOC defendants point out that plaintiff was moved to the Michigan Reformatory facility in Ionia, Michigan in January, 2008. (Dkt. # 49, pp. 4-5; Ex. 1). As such, plaintiff is no longer incarcerated at any of the above-referenced correctional facilities and is not under the care or custody of any of the officials identified in his complaint or motion. It is well-established that "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility." *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *see also, Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (collecting cases); *Kensu v. Haigh*, 87 F.3d 172, 175

4

Report and Recommendation
Plaintiff's Request for Injunction
*McCloy v. MDOC et. al.*, Case No. 07-13839

(6th Cir. 1996). Because plaintiff is no longer subject to the care of the officials who he claims were denying him medical care or were mistreating him, his request for injunctive relief is moot and should be denied.

## III. RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that plaintiff's request for injunctive relief be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in

5

Report and Recommendation
Plaintiff's Request for Injunction
*McCloy v. MDOC et. al.*, Case No. 07-13839

length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: May 23, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, David B. Mammel and Scott R. Rothermel, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: David McCloy, #471229, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

6

Report and Recommendation
Plaintiff's Request for Injunction
*McCloy v. MDOC et. al.*, Case No. 07-13839