UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

   Plaintiff,

v.

CORRECTION MEDICAL SERVICES
LAFLER, RIVARD, WASHINGTON,
DOVE, PATTON, AMY BURTON,
DIANE TEMPLE, WILKENSON,
TROMBLEY, THOMSON, and
MORRIS,

   Defendants.

                /

Case No. 07-13839

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (Dkt. 63)

In this case, plaintiff seeks money damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff claims that defendants provided inadequate and constitutionally defective medical care, among other claims. *Id*. As part of the discovery process, defendants asked plaintiff to sign a release for his medical records and filed a motion to compel such signature. (Dkt. 63). Plaintiff has resisted signing a release for reasons that are not entirely clear. (Dkt. 63, Ex. B). Despite an order from this Court directing that plaintiff respond

1

to defendants' motion, plaintiff failed to respond. (Dkt. 64).

After reviewing the parties' submissions on the motion and the pleadings on record with the Court, I conclude that plaintiff is obligated to participate in the discovery process and that defendants are entitled to obtain plaintiff's medical records, so that they may adequately defend themselves. This is consistent with the broad discovery mandate found in the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...."; "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Defendants' request satisfies this standard because plaintiff has put his medical history and care in controversy by alleging injuries resulting from defendants' conduct.

The precise time period for which defendants seek plaintiff's medical records is, however, unclear from the record before the Court. According to plaintiff's complaint, the incidents complained of occurred sometime in the Summer of 2007. Under the circumstances, this Court believes a reasonable period of time for which defendants may discover plaintiff's medical records is January 1, 2006 through the date plaintiff filed the instant complaint. If defendants, through

the course of discovery or otherwise, believe that earlier or later medical records are necessary or appropriate, they may request that plaintiff sign a new release and if plaintiff refuses, they may seek relief from this Court, explaining why earlier or later medical records are necessary or appropriate.

Based on the foregoing, defendants' motion to compel is **GRANTED**. The Court also orders that, on or before January 18, 2009, defendants must provide plaintiff with a disclosure authorization form consistent with this Court's Order and that, on or before February 1, 2009, plaintiff must provide to defendants a fully executed disclosure authorization form as supplied by defendants. **Plaintiff's failure to comply with this Order may result in the submission of a report and recommendation by the undersigned that this matter be dismissed for failure to cooperate in the discovery process**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any

objections must be served on this Magistrate Judge.

Date: December 18, 2008                    s/Michael Hluchaniuk
                                                   Michael Hluchaniuk
                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2008 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, David B. Mammel and Scott R. Rothermel, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: David McCloy, #471229, Huron Valley Compelx - Men's, 3201 Bemis Road, Ypsilanti, MI 48197.

                                                 s/James P. Peltier
                                               Courtroom Deputy Clerk
                                               U.S. District Court
                                               600 Church Street
                                               Flint, MI 48502
                                               (810) 341-7850
                                               pete_peltier@mied.uscourts.gov