UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

    Plaintiff,

v.

CORRECTION MEDICAL SERVICES
LAFLER, RIVARD, WASHINGTON,
DOVE, PATTON, AMY BURTON,
DIANE TEMPLE, WILKENSON,
TROMBLEY, THOMSON, and
MORRIS,

    Defendants.
_____/

Case No. 07-13839

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER GRANTING MOTIONS
FOR MORE DEFINITE STATEMENT (Dkt. 38, 54),
DESIGNATING Dkt. 47 AS PLAINTIFF'S AMENDED COMPLAINT,
AND ORDERING DEFENDANTS TO ANSWER AMENDED COMPLAINT**

**I.    PROCEDURAL HISTORY**

Plaintiff, David McCloy, filed this lawsuit against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. 1). Although his complaint is not entirely clear, apparently, plaintiff claims that defendants failed to provide him with regular and necessary insulin injections for his diabetes. (Dkt. 1). Plaintiff filed an application to proceed *in forma pauperis*, which was granted on October 26, 2007. (Dkt. 5, 7). District Judge David M.

Lawson referred this matter for all pretrial purposes to Magistrate Judge R. Steven Whalen on November 9, 2007. (Dkt. 9). This matter was reassigned to the undersigned on January 14, 2008. (Dkt. 14).

The MDOC defendants filed motions for more definite statements on April 11, 2008 and May 13, 2008. (Dkt. 38, 54).[1] The CMS defendants filed a concurrence in the motions for more definite statement. (Dkt. 55). Plaintiff filed a single response on May 2, 2008. (Dkt. 47). For the reasons set forth below, the MDOC defendants' motions are **GRANTED**, and plaintiff's response to the motions for more definite statement will be treated as his first amended complaint, to which all previously served defendants have 20 days from entry of this Order to answer or otherwise respond.

## II. THE PARTIES' ARGUMENTS

### A. The MDOC Defendants' Motions

According to the MDOC defendants' motions, plaintiff's complaint merely lists defendants and possible complicated constitutional claims. (Dkt. 38, p. 9; *see also* Dkt. 54). The MDOC defendants point out plaintiff's "voluminous complaint merely contains incoherent assertions and complaints regarding MDOC and

---

[1] The second motion for more definite statement relates to later-served MDOC defendants and is essentially the same as the first motion. (Dkt. 54).

medical staff." (Dkt. 38, p. 9). The MDOC defendants assert that plaintiff "does not specify which defendants violated which of his rights, when and how the alleged violations occurred, nor what acts or omissions have violated his rights." The MDOC defendants suggest that, rather than requiring the Court and defendants "invent causes of action" plaintiff should be required to give a more definite statement under Rule 12(e). (Dkt. 38, p. 9; *see also* Dkt. 54).

B. <u>Plaintiff's Response</u>

In response to the motions for more definite statement, plaintiff provides a fairly detailed description of the alleged wrongdoing committed by each defendant. (Dkt. 47). Plaintiff includes a description of the time frame during which each incident he complains of occurred and which defendants were involved. *Id.*[2]

---

[2] Plaintiff also seems to indicate that "C/O Peutrich" and "C/O Chapelo" are "missing." *Id*. Presumably, plaintiff means that they are not defendants in this action. A review of plaintiff's initial complaint does not reveal any defendants with these names. (Dkt. 1). Plaintiff identifies two "Doe" defendants in his initial complaint, the "St. Louis Property Manager" and the "St. Louis Shift Manager." (Dkt. 1, p. 6). It is unclear whether the "missing" defendants in the response are the same as the unnamed defendants in the complaint. In any event, given that the Court is treating plaintiff's response to the motions for more definite statement as an amended complaint, the Court, via separate order, will order the issuance of summonses for the two new defendants and service.

## III. DISCUSSION

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 12(e) provides that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Federal courts generally disfavor motions for more definite statements. *Federal Ins. Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D. Ohio 2007). In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. *Id.* A motion under Rule 12(e) should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Shirk v. Fifth Third Bancorp*, 2008 WL 4449024, *8 (S.D. Ohio 2008), quoting, *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001). If the complaint meets the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the motion should be denied. *Shirk*, at *8.

In this case, plaintiff's complaint does not satisfy Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Plaintiff's complaint is over 100 pages and is virtually incomprehensible. It would be unduly burdensome to require defendants answer the complaint in its current state. Plaintiff's response to the motions for more definite statement, on the other hand, is a short concise statement of his claims. This pleading is consistent with Rule 8(a)(2) and provides fair notice of plaintiff's claims and sufficient factual detail to enable defendants to answer or otherwise respond. Thus, the Court will treat plaintiff's response (Dkt. 47) as plaintiff's first amended complaint. Defendants have **20 days** from entry of this order to answer or otherwise respond to plaintiff's amended complaint (Dkt. 47).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a).

Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: December 18, 2008
s/Michael Hluchaniuk  
Michael Hluchaniuk  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2008 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, David B. Mammel and Scott R. Rothermel, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: David McCloy, #471229, HURON VALLEY MEN'S FACILITY, 3201 Bemis Road, Ypsilanti, MI 48197.

s/James P. Peltier  
Courtroom Deputy Clerk  
U.S. District Court  
600 Church Street  
Flint, MI 48502  
(810) 341-7850  
pete_peltier@mied.uscourts.gov