UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

        Plaintiff,

v.

CORRECTION MEDICAL SERVICES
LAFLER, RIVARD, WASHINGTON,
DOVE, PATTON, AMY BURTON,
DIANE TEMPLE, WILKENSON,
TROMBLEY, THOMSON, and
MORRIS,

        Defendants.

                                    /

Case No. 07-13839

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# REPORT AND RECOMMENDATION
## DEFENDANTS' MOTION TO DISMISS (Dkt. 74)

    Plaintiff, David McCloy, filed this lawsuit against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff filed an application to proceed *in forma pauperis*, which was granted on October 26, 2007. (Dkt. 5, 7). District Judge David M. Lawson referred this matter for all pretrial purposes to Magistrate Judge R. Steven Whalen on November 9, 2007. (Dkt. 9). This matter was reassigned to the undersigned on January 14, 2008. (Dkt. 14).

The MDOC defendants filed motions for more definite statements on April 11, 2008 and May 13, 2008. (Dkt. 38, 54).[1] The CMS defendants filed a notice of joinder/concurrence on May 13, 2008. (Dkt. 55). Plaintiff filed a single response on May 2, 2008, addressing all of the named defendants. (Dkt. 47). The undersigned granted defendants' motions for more definite statement and ordered that plaintiff's response to defendants' motion for more definite statement will be treated as his first amended complaint. (Dkt. 98). The MDOC defendants had previously filed a motion to dismiss plaintiff's complaint on September 8, 2008. (Dkt. 74; *see also* Dkt. 84, concurrence of CMS defendants)). Plaintiff filed a response on September 26, 2008. (Dkt. 85). The CMS defendants filed a reply on October 8, 2008. (Dkt. 88).

The MDOC defendants' motion to dismiss is grounded in [Federal Rule of Civil Procedure 41(b)](), which provides that if a plaintiff fails to prosecute or to comply with an order of the court, a defendant may move to dismiss the action or any claims against it. [Fed.R.Civ.P. 41(b)](). The MDOC defendants argue that, because plaintiff failed to provide a more definite statement in response to their motions for such relief and because plaintiff failed to file a response to their

---

[1] The second motion for more definite statement relates to later-served MDOC defendants and is essentially the same as the first motion. (Dkt. 54).

second motion for more definite statement, in violation of an order directing him to do so, plaintiff's complaint should be dismissed. (Dkt. 74, pp. 1-2).

It must be noted "that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). "Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance." *Little*, 984 F.2d at 162; *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay."). While plaintiff did not technically file a response to defendants' second motion for more definite statement, plaintiff addressed all defendants in his first response. Thus, the undersigned finds plaintiff's response to the motions for more definite statement to be sufficient. And, plaintiff's failure to technically comply with a single order of the Court requiring a response to a motion provides no basis to conclude that plaintiff has engaged in a clear pattern of delay or other contumacious conduct. Thus, the undersigned suggests that the MDOC defendants' motion to dismiss is meritless and should be denied.

The MDOC defendants' argument that plaintiff's initial complaint should be dismissed because plaintiff failed to provide a "more definite statement" in response to defendants' motions for more definite statement is not well-taken. As noted above, the undersigned found plaintiff's response to those motions to be sufficient and, in fact, treated plaintiff's response to the first motion for more definite statement as an amended complaint. (Dkt. 98). In this respect, the MDOC defendants' motion to dismiss is essentially related to the sufficiency of plaintiff's initial complaint. The undersigned suggests, therefore, that the MDOC defendants' motion to dismiss is moot now that plaintiff has an amended complaint on record. *See e.g.*, *Williams v. Kelly*, 2007 WL 2951303, *1 (E.D. Mich. 2007) (Defendants' motion to dismiss denied as moot where the complaint to which it was directed had been superseded by an amended complaint.).

Based on the foregoing, it is **RECOMMENDED** that defendants' motion to dismiss be **DENIED** as meritless and as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d

505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response must not exceed 20 pages in length unless such page limit is extended by the Court. The response must address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: December 18, 2008  s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

# CERTIFICATE OF SERVICE

  I certify that on <u>December 18, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Ronald W. Chapman, David B. Mammel and Scott R. Rothermel</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: <u>David McCloy, # 471229, HURON VALLEY MEN'S FACILITY, 3201 Bemis Road, Ypsilanti, MI 48197</u>.

                s/James P. Peltier
                Courtroom Deputy Clerk
                U.S. District Court
                600 Church Street
                Flint, MI 48502
                (810) 341-7850
                pete_peltier@mied.uscourts.gov