UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

    Plaintiff,

v.

CORRECTION MEDICAL SERVICES
LAFLER, RIVARD, WASHINGTON,
DOVE, PATTON, AMY BURTON,
DIANE TEMPLE, WILKENSON,
TROMBLEY, THOMSON, MORRIS,
CO PEUTRICH, and CO CHAPELO,

    Defendants.
_____/

Case No. 07-13839

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION
PLAINTIFF'S "MOTION TO
STOP RETALIATORY ATTACKS" (Dkt. 82)**

**I.    PROCEDURAL HISTORY**

Plaintiff, David McCloy, filed this lawsuit against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. 1). Although his initial complaint was not entirely clear, apparently, plaintiff claims that defendants failed to provide him with regular and necessary insulin injections for his diabetes. (Dkt. 1). Plaintiff filed an application to proceed *in forma pauperis*, which was granted on October 26, 2007. (Dkt. 5, 7). District Judge

1

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839

David M. Lawson referred this matter for all pretrial purposes to Magistrate Judge R. Steven Whalen on November 9, 2007. (Dkt. 9). This matter was reassigned to the undersigned on January 14, 2008. (Dkt. 14). The undersigned previously entered an order designating plaintiff's response to defendants' motions for more definite statement as his amended complaint. (Dkt. 47).

Early on in this case, plaintiff filed a "request" for an injunction, apparently seeking an order requiring defendants to provide him with regular insulin and appropriate treatment for his diabetes. (Dkt. 13). The undersigned issued a report and recommendation suggesting that this request be denied as moot, given plaintiff's transfer to another facility, which was adopted by the District Court on June 19, 2008. (Dkt. 57, 68). On September 17, 2008, plaintiff filed the present "motion to stop retaliatory attacks." (Dkt. 82). This appears to be another motion for injunctive relief. The CMS defendants filed a response on October 2, 2008. (Dkt. 86). The MDOC defendants filed a response on December 23, 2008. (Dkt. 104).

For the reasons set forth below, **IT IS RECOMMENDED** that plaintiff's request for injunctive relief be **DENIED**.

2

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839

## II. DISCUSSION

### A. Standard of Review

The availability of preliminary injunctive relief is a procedural question that is governed by federal law. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991). The Sixth Circuit has held that a court must consider four factors in deciding whether to issue a preliminary injunction:

1. whether the movant has established a substantial likelihood or probability of success on the merits;

2. whether the movant has demonstrated a threat of irreparable harm;

3. whether the issuance of a preliminary injunction would cause substantial harm to others; and

4. whether the public interest is served by the issuance of an injunction.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), overruled on other grounds, *729, Inc. v. Kenton Co. Fiscal Court*, 515 F.3d 485 (6th Cir. 2008). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting, *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)).

3

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839

A plaintiff must always, however, show irreparable harm before a preliminary injunction may issue. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982). Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3, (6th Cir. 1984); *Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). And, a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See e.g.*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

B.     Plaintiff's Request for Injunctive Relief.

Plaintiff's "motion to stop retaliatory attacks" is incomprehensible. (Dkt. 82). Plaintiff asserts, it appears, that unidentified MDOC staff stopped him from obtaining legal materials and that unidentified CMS personnel used "medical terrorism" against him. Other unidentified MDOC personnel are alleged to have improperly given plaintiff tickets based on his "disability" and he wants to have these "corrupt hearings" re-heard. He alleges that unknown MDOC personnel hid or destroyed unidentified legal materials and that they purposefully "hid" his

4

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839

objections to the denial of his injunction. Plaintiff asserts that every day he is attacked with misuse of his medicines. (Dkt. 82).

In response, the CMS defendants argue that (1) plaintiff fails to come forth with anything other than bare allegations of retaliation and medical mistreatment; (2) plaintiff's allegations are incoherent and the basis for his retaliation claim and injunctive relief is entirely unclear. (Dkt. 86). The MDOC defendants argue that plaintiff has failed to proffer any specifics regarding the alleged "retaliatory attacks" he wishes the Court to stop. (Dkt. 104). They also argue that plaintiff failed to name any of the present defendants represented by the Michigan Department of Attorney General and how they are "retaliating" against him. Rather, the MDOC defendants argue that "[p]laintiff merely rambled on for pages and made incoherent accusations backed with no facts whatsoever." *Id*. According to the MDOC defendants, plaintiff's motion is "baseless, unintelligible, incoherent, and fails to give any support whatsoever to his claim for relief." *Id*.

While a Court considers all four factors set forth above should be balanced, a plaintiff must always show irreparable harm before a preliminary injunction may issue and the party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Friendship Materials*, 679 F.2d at 104; *O'Lone, supra*. And,

5

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839

this Court must proceed with the utmost care and must recognize the unique nature of the prison setting. *Kendrick*, 740 F.2d at 438, n. 3. After carefully reviewing plaintiff's "motion to stop retaliatory attacks," the undersigned concludes that plaintiff has failed to meet this heavy burden and has not shown that any injunctive relief should issue. It is unclear what relief plaintiff seeks and there are no allegations that any of the defendants in this case are the perpetrators of any alleged wrongdoing. Further, the undersigned is unable to discern who any of the wrongdoers might be and plaintiff has not come forward with any evidence to support any allegation in his motion. Under these circumstances, the undersigned concludes that plaintiff is highly unlikely to succeed on the merits and has failed to even come close to meeting his heavy burden of justifying injunctive relief.

## III.   RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that plaintiff's request for injunctive relief be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health*

6

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839

*and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: February 5, 2009                         s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

7

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839

## CERTIFICATE OF SERVICE

I certify that on <u>February 5, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Ronald W. Chapman, David B. Mammel and Scott R. Rothermel</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>David McCloy, # 471229, HURON VALLEY COMPLEX - MEN'S, 3201 Bemis Road, Ypsilanti, MI 48197</u>.

                                                          s/James P. Peltier
                                                          Courtroom Deputy Clerk
                                                          U.S. District Court
                                                          600 Church Street
                                                          Flint, MI 48502
                                                          (810) 341-7850
                                                          pete_peltier@mied.uscourts.gov

8

Report and Recommendation
Plaintiff's "Motion to Stop Retaliatory Attacks"
*McCloy v. CMS et. al.*, Case No. 07-13839