UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

      Plaintiff,

v.

      Case No. 07-13839
      Honorable David M. Lawson
      Magistrate Judge Michael J. Hluchaniuk

CORRECTION MEDICAL SERVICES,
LAFLER, RIVARD, WASHINGTON, DOVE,
PATTON, AMY BURTON, DIANE TEMPLE,
WILKENSON, TROMBLEY, THOMPSON,
MORRIS, CO PEUTRICH, and CO CHAPELO,

      Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS
TO REPORT AND RECOMMENDATION, DENYING
PLAINTIFF'S MOTION TO STOP RETALIATORY ATTACKS,
AND CONTINUING ORDER OF REFERENCE**

The matter is before the Court on the plaintiff's objections to the report and recommendation filed by Magistrate Judge Michael J. Hluchaniuk recommending that a motion filed by the plaintiff "to stop retaliatory attacks" be denied. The Court entered a general order of reference to conduct all pretrial matters, after which the plaintiff filed his motion. Judge Hluchaniuk filed his report on February 5, 2009, and the plaintiff filed timely objections. The matter is before the Court for a *de novo* review.

The plaintiff filed a complaint in this Court under 42 U.S.C. § 1983 alleging several violations of his constitutional rights by employees of Correction Medical Services (CMS) and the Michigan Department of Corrections visited upon the plaintiff during his incarceration as a Michigan prisoner. The complaint is rather difficult to follow, but it appears that the plaintiff alleges that he is a diabetic, and he believes that he has been denied medical care for that condition, he has

been improperly disciplined for violation of prison rules, and his legal materials have been taken from him improperly.

Approximately a year after the lawsuit was filed, the plaintiff filed the present motion. Judge Hluchaniuk characterized the allegations in the motion as "incomprehensible." The Court tends to agree. The plaintiff alleges that certain unnamed individuals have issued him "tickets" that had no basis in fact, MDOC staff members have mistreated him, and he was not given proper medical treatment by one "RN Kroll" and "Dr. Hammond," he is the victim of "medical terrorism" by unnamed individuals, and his legal material have been "hidden" from him. Whatever else these people are doing to the plaintiff, he asks in his motion that they be ordered to stop. Judge Hluchaniuk reviewed the factors for issuing injunctions, determined that the plaintiff had not alleged irreparable harm, and acknowledged that great care must be exercised by courts when asked to issue injunctions in the prison setting. He recommended that the motion be denied because the plaintiff has not stated exactly what relief he wants, he has not identified any of the named defendants as wrongdoers, and he offered no evidence to support the allegations in his motion.

The plaintiff filed timely objections. His objections also are difficult to follow, but apparently he argues the four factors for injunctive relief. He first emphasizes that he has experienced severe physical damage to all of his organs, and has been hospitalized ten times. Apparently arguing his likelihood of success, the plaintiff states that he is simply seeking the return of the process that was used by CMS in the past. He argues that he has already experienced irreparable harm in the form of damage to his organs, and this harm will continue. He argues that there will be no harm to others because there will be no additional costs because the plaintiff will handle his own medical treatment. And finally, he argues that the public interest does not support

killing. The objections also purport to be a supplemental pleading under Fed. R. Civ. P. 15(d). He claims he is being subjected to ongoing denial of medical care. He wants to add a number of defendants who have been involved with what he sees as the interference with his treatment.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The Court finds no merit to the objections. The plaintiff alleges that he has been denied medical care, yet he acknowledges that he has been hospitalized at least ten times. He has not identified any of the named defendants as the object of his present complaints, and it remains unclear what sort of injunctive relief the plaintiff seeks from the Court. To the extent that the plaintiff wants to expand his lawsuit, he will have to file a motion under Federal Rule of Civil Procedure 15, which should be accompanied by a proposed amended complaint for the magistrate judge to evaluate. At present, however, the Court must agree with the magistrate judge's conclusion that it does not appear that the plaintiff has established a right to injunctive relief.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #118] is **ADOPTED**.

It is further **ORDERED** that the defendants' objections to the magistrate judge's report and recommendation [dkt #122] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion to stop retaliatory attacks [dkt #82] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt #9] to conduct all pretrial matters and ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 17, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2009.

s/Susan K Pinkowski
SUSAN K. PINKOWSKI
