UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

    Plaintiff,

v.

CORRECTION MEDICAL SERVICES
LAFLER, RIVARD, WASHINGTON,
DOVE, PATTON, AMY BURTON,
DIANE TEMPLE, WILKENSON,
TROMBLEY, THOMSON, MORRIS,
CO PEUTRICH, and CO CHAPELO,

    Defendants.

_____/

Case No. 07-13839

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR TRO (Dkt. 91)**

**I.   PROCEDURAL HISTORY**

Plaintiff, David McCloy, filed this lawsuit against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. 1). Although his initial complaint was not entirely clear, apparently, plaintiff claims that defendants failed to provide him with regular and necessary insulin injections for his diabetes. (Dkt. 1). Plaintiff filed an application to proceed *in forma pauperis*, which was granted on October 26, 2007. (Dkt. 5, 7). District Judge David M. Lawson referred this matter for all pretrial purposes to Magistrate Judge

R. Steven Whalen on November 9, 2007. (Dkt. 9). This matter was reassigned to the undersigned on January 14, 2008. (Dkt. 14). The undersigned previously entered an order designating plaintiff's response to defendants' motions for more definite statement as his amended complaint. (Dkt. 47).

Early on in this case, plaintiff filed a "request" for an injunction, apparently seeking an order requiring defendants to provide him with regular insulin and appropriate treatment for his diabetes. (Dkt. 13). The undersigned issued a report and recommendation suggesting that this request be denied as moot, given plaintiff's transfer to another facility, which was adopted by the District Court on June 19, 2008. (Dkt. 57, 68). On September 17, 2008, plaintiff filed another apparent motion for injunctive relief, entitled "motion to stop retaliatory attacks." (Dkt. 82). On February 5, 2009, the undersigned recommended that the Court deny plaintiff's motion, which was adopted by the District Court. (Dkt. 118, 131).

In the present motion before the Court, plaintiff moves for a temporary restraining order to force CMS to return to an earlier insulin protocol, to ban the administration of any psychotropic drugs, and for the appointment of a "neutral" psychiatrist to oversee his care. (Dkt. 91). The MDOC defendants filed a response on December 9, 2008. (Dkt. 92). The CMS defendants filed a response on December 31, 2008. (Dkt. 105).

Report and Recommendation
Plaintiff's Motion for TRO
*McCloy v. CMS*; No. 07-13839

For the reasons set forth below, **IT IS RECOMMENDED** that plaintiff's request for injunctive relief be **DENIED**.

## II. DISCUSSION

### A. Legal Standard

The availability of preliminary injunctive relief is a procedural question that is governed by federal law. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991). The Sixth Circuit has held that a court must consider four factors in deciding whether to issue a preliminary injunction:

1. whether the movant has established a substantial likelihood or probability of success on the merits;

2. whether the movant has demonstrated a threat of irreparable harm;

3. whether the issuance of a preliminary injunction would cause substantial harm to others; and

4. whether the public interest is served by the issuance of an injunction.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), overruled on other grounds, *729, Inc. v. Kenton Co. Fiscal Court*, 515 F.3d 485 (6th Cir. 2008). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v.*

*Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003), quoting, *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

A plaintiff must always, however, show irreparable harm before a preliminary injunction may issue. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982). Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3, (6th Cir. 1984); *Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). And, a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See e.g.*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

    B.    <u>Plaintiff's Request for Injunctive Relief</u>.

Plaintiff's motion is rather difficult to follow. (Dkt. 91). Plaintiff moves for an injunction at "all MDOC-CMS locations" that he will put "back into control of own Insulin Functions" and will "verbally inform MDOC-CMS of his use of diabetic products." (Dkt. 91). Plaintiff also asks to receive MDOC-CMS psychiatric services to be overseen by a "Neutral Society Psy" and that no psychotropic medications will be injected or issued by "MDOC-CMS-state

workers." Plaintiff also requests to be moved to a level II facility for maximum disability help. Plaintiff claims that CMS abuses its policies in order to try to kill him.

In response, the CMS defendants argue that (1) plaintiff fails to come forth with anything other than bare allegations of medical mistreatment; (2) plaintiff's allegations are vague and unintelligible and the basis for his injunctive relief is entirely unclear. (Dkt. 105). The MDOC defendants argue that plaintiff failed to name any of the present defendants represented by the Michigan Department of Attorney General and how they are "retaliating" against him. (Dkt. 92). Rather, the MDOC defendants argue that plaintiff "merely made rambling complaints about how MDOC-CMS provides for his diabetes care without proffering any evidence whatsoever to prove that their current care is in anyway deficient and that the Court should step in and allow him to manage his own insulin levels" and plaintiff has "proffered no evidence whatsoever that the current facility he is housed in is causing him irreparable injury." *Id*.

While a Court considers all four factors set forth above should be balanced, a plaintiff must always show irreparable harm before a preliminary injunction may issue and the party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the

circumstances.  See *Friendship Materials*, 679 F.2d at 104; *O'Lone, supra.*  And, this Court must proceed with the utmost care and must recognize the unique nature of the prison setting.  *Kendrick*, 740 F.2d at 438, n. 3.

    As noted above, on September 17, 2008, plaintiff filed another apparent motion for injunctive relief, entitled "motion to stop retaliatory attacks."  (Dkt. 82).  In recommending that the "motion to stop retaliatory attacks" be denied, the undersigned observed that plaintiff was highly unlikely to succeed on the merits given that none of the presently named defendants were the perpetrators of any alleged wrongdoing and that plaintiff did not identify any alleged wrongdoers or provide any evidence to support his claims.  (Dkt. 118).  In the order adopting the recommendation of the undersigned, Judge Lawson rejected plaintiff's objections in which plaintiff stated that he was merely seeking the return of the insulin procedure used by CMS in the past and that his request would not be more costly because plaintiff would "handle his own medial treatment."  (Dkt. 131).  Judge Lawson found plaintiff's claim that he was being denied medical care not be credible in light of his allegations that he had been hospitalized at least 10 times.  Judge Lawson also concluded that because plaintiff's request for injunctive relief did not actually involve any of the presently named defendants, "it remains unclear what sort of injunctive relief the plaintiff seeks from the Court."  (Dkt. 131).

Thus, Judge Lawson agreed that plaintiff failed to establish any right to injunctive relief. *Id.*

In the present motion before the Court, plaintiff moves for a temporary restraining order to force CMS to return to an earlier insulin protocol, to ban the administration of any psychotropic drugs, and for the appointment of a "neutral" psychiatrist to oversee his care. (Dkt. 91). The relief sought by plaintiff in this motion is similar to that sought in plaintiff's "motion to stop retaliatory attacks." This motion also suffers from the same defects as those noted by the undersigned and Judge Lawson. (Dkt. 118, 131). After carefully reviewing plaintiff's latest motion for injunctive relief, the undersigned concludes that plaintiff has failed to meet this heavy burden and has not shown that any injunctive relief should issue. Like plaintiff's earlier motion, it is unclear what relief plaintiff seeks and there are no allegations that any of the defendants in this case are the perpetrators of any alleged wrongdoing. Further, the undersigned is unable to discern who any of the wrongdoers might be and plaintiff has not come forward with any evidence to support any allegation in his motion. Nothing in plaintiff's current motion for injunctive relief causes the undersigned to reconsider the earlier denials of plaintiff's requests for injunctive relief. Under these circumstances, the undersigned concludes that plaintiff is highly unlikely to succeed on the merits

and has failed to even come close to meeting his heavy burden of justifying injunctive relief.

### III.   RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that plaintiff's request for injunctive relief be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an

objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 28, 2009                          s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on April 28, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Ronald W. Chapman, David B. Mammel, and Scott R. Rothermel, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: *David McCloy, #471229, Macomb Correctional Facility, 34625 26 Mile Rd., New Haven, MI 48048.

*The docket indicates that plaintiff's address is Huron Valley Complex - Men's, 3201 Bemis Rd., Ypsilanti, MI 48197. Mail returned from that facility indicates that plaintiff has been transferred. Follow up information indicates that the plaintiff is now at the above-noted address.

                                              s/James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church Street
                                              Flint, MI 48502
                                              (810) 341-7850
                                              pete_peltier@mied.uscourts.gov