UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

       Plaintiff,

v.

       Case No. 07-13839
       Honorable David M. Lawson
       Magistrate Judge Michael J. Hluchaniuk

CORRECTION MEDICAL SERVICES,
LAFLER, RIVARD, WASHINGTON, DOVE,
PATTON, AMY BURTON, DIANE TEMPLE,
WILKENSON, TROMBLEY, THOMPSON,
MORRIS, PEUTRICH, and CHAPELO,

       Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION IN PART, OVERRULING PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION, GRANTING
THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AND
DISMISSING COMPLAINT WITHOUT PREJUDICE**

      The matter is before the Court on the plaintiff's objections to a report filed by Magistrate Judge Michael J. Hluchaniuk recommending that motions to dismiss or for summary judgment filed by all the defendants be granted. The Court entered a general order of reference to conduct all pretrial matters, after which the defendants filed their motion. Judge Hluchaniuk filed a report in April 2010 recommending that the motions be granted, but the Court vacated that report and recommendation after *pro bono* counsel was appointed to represent the plaintiff. Plaintiff's counsel filed a response to the defendants' dispositive motions, and on January 21, 2011, Judge Hluchianuk filed an amended report recommending again that the motions be granted because the plaintiff failed to exhaust his administrative remedies within the prison system. He also recommended that the case against several of the defendants be dismissed with prejudice. The plaintiff filed timely objections, and the matter is before the Court for a *de novo* review.

The plaintiff filed his complaint in this Court under 42 U.S.C. § 1983 alleging several violations of his constitutional rights by employees of Correction Medical Services (CMS) and the Michigan Department of Corrections during the plaintiff's incarceration as a Michigan prisoner. The complaint is rather difficult to follow, but it appears that the plaintiff alleges that he is a diabetic, and he believes that he has been denied medical care for that condition, disciplined improperly for violation of prison rules, and his legal materials have been taken from him.

Defendants CMS and Amy Burton (the CMS defendants) filed a motion to dismiss for failure to exhaust or to state a claim upon which relief can be granted. The remaining defendants (the State defendants) filed a motion for summary judgment based on the same grounds and also arguing that they are entitled to qualified immunity.

The magistrate judge converted the CMS defendants' motion to dismiss to one for summary judgment because the parties relied on materials outside the pleadings. After reviewing the motion papers, the magistrate judge's report, the plaintiff's objections, and the defendants' responses, the Court concludes that no material fact dispute exists as to the exhaustion of remedies affirmative defense and the defendants are entitled to dismissal of the complaint as a matter of law. The Court disagrees with the magistrate judge's conclusion that the dismissal of the defendants (except Wilkinson and Temple) should be with prejudice. Therefore, the court will dismiss the complaint without prejudice.

I.

David McCloy is an inmate in the custody of the Michigan Department of Corrections (MDOC). Presently, he is confined at the Duane Waters Hospital in the Reception and Guidance Center (RGC) at Jackson, Michigan. During the pendency of this litigation and at the times described in his complaint, the plaintiff has been housed at St. Louis Correctional Facility (SLF) in St. Louis, Michigan; the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan; the Carson City Correctional Facility (DRF) in Carson City, Michigan, which has since been consolidated with the Boyer Road Correctional Facility (OTF); and the Saginaw Correctional Facility (SRF) in Freeland, Michigan. Compl. at 1; Suppl. Resp. to Mot. to Dismiss at 1.

The plaintiff is an insulin-dependent diabetic who has managed his condition independently for several years, including during certain periods of his incarceration. At some point during his confinement, however, prison officials took control of his insulin and diabetes care regimen. The plaintiff filed dozens of grievances in the prisons' grievance systems concerning the diabetes-related medical care he received from the defendants, and addressed other subjects as well. In this Court, he complains that prison officials and staff provided him with incorrect insulin dosages or otherwise bungled his medical care, treated him poorly or incorrectly when he entered hypoglycemic states, and ignored, hid, or failed to respond adequately to his grievances concerning this care.

Judge Hluchaniuk thoroughly described the grievances that the plaintiff filed at the several institutions where he resided over the years. The parties have not objected to that factual summary, and the Court adopts and incorporates it here. Judge Hluchaniuk also accurately set forth the procedural law that governs the motions filed by the defendants. The parties have not objected to that statement or the magistrate judge's recommendation that the CMS defendants' motion be

converted to a summary judgment motion under Federal Rule of Civil Procedure 56. The Court likewise adopts that part of the report and recommendation.

In his report, Judge Hluchaniuk concluded that all but three of the grievances the plaintiff submitted were rejected by the MDOC for failure to comply with the grievance process described in MDOC Policy Directive 03.02.130. The magistrate judge found that the plaintiff had not offered any evidence that rejection of these non-compliant grievances was improper or contrary to the MDOC's grievance policy. Because no fact issue existed, the magistrate judge suggested that the defendants satisfied their burden of proving that the plaintiff failed to exhaust his administrative remedies at all the institutions except LRF.

The magistrate judge distinguished *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999), cited by the plaintiff for the idea that some non-compliant grievances satisfy the exhaustion requirement when they are sufficient to convey notice of the plaintiff's complaint. He explained that *Wyatt* addressed the non-jurisdictional nature of the exhaustion rule, but it did not hold that compliance with the exhaustion requirement was not mandatory. The magistrate judge also found that the plaintiff did not offer evidence that prison officials prevented him from complying with the grievance requirement.

Finally, the magistrate judge recommended that the claims based on grievances rejected on procedural grounds should be dismissed with prejudice, citing *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruled on other grounds*, *Robbins v. Okla.*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). He reasoned that a grievance rejected for untimeliness no longer is a curable flaw, so the underlying claim should not be able to be revived, since the benefits of the grievance procedure — allowing the prison to address internally legitimate inmate complaints — cannot be met.

However, the magistrate judge concluded that none of the rejected grievances involved the claims against defendants Temple and Wilkinson; therefore, the complaint against them should be dismissed without prejudice.

The plaintiff filed four specific objections to the report and recommendation. First, he reasserts the argument that in *Wyatt*, the Sixth Circuit endorsed a sort of substantial compliance standard where grievances that do not comply with prison rules can satisfy the exhaustion requirement if they provide notice to prison officials of the prisoner's complaint. The plaintiff argues that his medical conditions are severe, and therefore he should not have to begin anew to pursue complaints about bad medical treatment. For reasons discussed in detail below, that objection will be overruled.

Second, the plaintiff takes issue with the magistrate judge's finding that he offered no evidence to support his argument that the defendants prevented him from complying with the grievance procedure. The plaintiff argues that Federal Rule of Civil Procedure 56 allows the Court to consider the pleadings when ruling on a motion for summary judgment, and the plaintiff's amended complaint furnishes proof that creates a fact issue on that point. He points to allegations that some grievances were hidden or unanswered by prison officials. He also contends that the magistrate judge failed to consider a copy of a grievance alleging that the defendants provided improper insulin amounts when the plaintiff was in a hypoglcemic state, which the plaintiff produced from his personal files and attached as an exhibit to his supplemental responses. The defendants state that they have no record of this grievance, and the plaintiff argues that his copy substantiates his contention that the defendants hid, ignored, or refused to answer some of his grievances. The plaintiff also asserts that he has presented evidence of bias in the grievance

procedure through the defendants' failure to answer certain grievances, the written responses the plaintiff received to other grievances, the confiscation of his athletic shoes for which he had a prescription, and the defendants' actions preventing him from wearing another pair of athletic shoes in certain areas of the prison.

The argument conflicts with the well-established procedural law of summary judgments. "Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial. . . . In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). In responding to a motion for summary judgment, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993).

Third, the plaintiff objects to the statement at page 17 of the report and recommendation that the plaintiff failed to establish a genuine issue of material fact as to the exhaustion issue and the defendants were entitled to summary judgment. For the reasons outlined below, the court disagrees.

Fourth, the plaintiff challenges the magistrate judge's refusal to consider other arguments after recommending dismissal, referring to his argument that he substantially complied and that compliance was impracticable or futile. However, the plaintiff has not offered evidence on that

point. For instance, the copy of the grievance he attached to his supplemental responses does not establish that the grievance actually was filed.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the Magistrate Judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The Prison Litigation Reform Act of 1996 (PLRA) provides: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v.*

*Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion" means "compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90.

The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). This affirmative defense may serve as a basis for dismissal only if properly raised and proven by the defendants. *Ibid.*

Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted).

A fair indicator that the purpose of the grievance was fulfilled is the prison's response to the inmate's complaint. If the information in the grievance is too vague or imprecise, a response so indicating would tell the interested parties that more detail is necessary. However, when the prison officials address the merits of the prisoner's complaint without mentioning a problem identifying the object of the grievance, the administrative system has worked and the prison officials have had the "opportunity to correct [their] own mistakes." *Woodford*, 548 U.S. at 89 (internal citation and quotation marks omitted).

Although the MDOC's policy requires a grievance to include specific names, those requirements are relaxed when the purpose of the grievance has been achieved. "This relaxed standard is consistent with the general practice of liberally construing pro se prisoners' filings." *Bell*, 450 F.3d at 654 (quoting *Spencer*, 449 F.3d at 725).

The Sixth Circuit has been quite explicit on this point. *See Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). In *Reed-Bey*, the defendants challenged on exhaustion grounds the complaint of a prisoner who "pursued his grievance through all three levels of prison review, yet he failed to identify the 'names of all those involved' in the grievance, as the prison's grievance procedures require." *Id.* at 323. The court held that "[b]ecause the Michigan Department of Corrections opted to dismiss his grievance on the merits rather than invoke its procedural bar, Reed-Bey exhausted his claim." *Ibid.* The court reasoned as follows:

> When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we
> . . . .
>
> Enforcing internal prison rules even when prison officials do not and even when they proceed to address a grievance on the merits takes *Woodford* one step too far. It would do more than ensure that prison officials get the first shot at correcting their own mistakes; it would give their merits-based grievance denials undeserved insulation from federal judicial review.

*Id.* at 325, 326.

The evidence in the record in this case shows that the plaintiff filed 19 grievances within the three-year period preceding his complaint in this Court. Of these, 14 were rejected initially or on appeal for violations of procedural rules: LRF 2005-12-1537-12c (untimely on appeal at Step III); LRF 2006-05-568-28a (duplicative); LRF 0-27a (nongrievable issue); LRF 0-28b (vague); LRF 2006-05-650-28b (vague, failure to identify staff member(s) responsible); LRF 0-28c (multiple

issues, failure to identify staff member(s) responsible); LRF 0-12z (filed at the incorrect step); LRF 2006-05-569-28a (duplicative); DRF 2006-10-1080-28c (unclear, multiple issues); DRF 2007-001-48-28d (inappropriate language); DRF 2007-01-49-28b (demeaning to staff, vague); DRF 2007-01-99-27a (nongrievable issue); DRF 2007-01-100-27a (nongrievable issue); DRF 2007-05-2178-28d (demeaning to staff, unnecessary language). None of these grievances can support exhaustion. Instead, they demonstrate that prison officials did enforce the procedural rules against the plaintiff and did inform him of the deficiencies in his grievances. The Supreme Court approved that practice in *Woodford v. Ngo*. *See* 548 U.S. at 89-90 (noting that the plaintiff should be required to comply with the prison's procedural rules, and a response indicating that a grievance was vague or imprecise is a sufficient response). The plaintiff's failure to correct the identified deficiencies demonstrates a failure to exhaust the administrative remedies available to him. The plaintiff cannot show compliance with the PLRA based on these grievances.

Two other grievances were rejected for procedural reasons, but a reference to the merits of the claims was included at some point during the process. Those grievances are LRF 2006-02-160-28a (nongrievable issue grieved against non-parties), and LRF 2006-01-30-27a (non-grievable issue grieved against non-parties). When viewed in the light most favorable to the plaintiff, these grievances create a fact issue on exhaustion. However, even if the claims were fully exhausted in the prison administrative system, these grievances do not save the amended complaint from the exhaustion defense because they address issues outside the scope of the amended complaint and allege harms by individuals who are not parties to this case.

It also appears that the prison addressed the merits of the following grievances: LRF 2006-03-378-12i (request for roommate); LRF 2006-03-484-07a (headphones issue); LRF 2006-05-649-

28d (footlocker). These issues were exhausted through the prison administrative system, but once again, the plaintiff does not mention the headphones claim or his request for a roommate in his amended complaint. He does allege that defendants Lafler and Washington improperly denied him a footlocker and, based on grievance 2006-05-649-28d, he may be able to show that he exhausted this claim. But the remaining allegations in his amended complaint detail the denial of medical care and alleged mistreatment on the ward for which the plaintiff has not completely exhausted his administrative remedies. As to the remaining defendants — CMS, Burton, Diane Temple, Wilkenson, Trombley, Thomson, Morris, Peutrich, Chapelo, Rivard, Dove, and Patton — summary judgment will be granted because the exhaustion affirmative defense has been established as a matter of law.

Although the plaintiff can avoid summary judgment on exhaustion grounds on his footlocker claim against defendants Lafler and Washington, there is another reason why that claim cannot proceed. These defendants argued that the plaintiff failed to state a claim and qualified immunity in their motion for summary judgment. The plaintiff has made no arguments in any of his papers before the Court or in any of his grievances that he has a constitutional right to a footlocker or that his constitutional rights were somehow abridged when his request was refused. Therefore, he has failed to state a claim for which relief may be granted under 42 U.S.C. § 1983.

There remains the question whether dismissal of the unexhausted claims should be with or without prejudice. The magistrate judge was persuaded by the Tenth Circuit's argument in *Kikumura v. Osagie* that "a claim that has been properly rejected by the prison grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice." 461 F.3d at 1290. That court reasoned that "[o]nce a prison formally denies an inmate's grievance for

untimeliness, and either the inmate does not challenge the basis for that decision or the court upholds the decision, the inmate's failure to exhaust is no longer a temporary, curable, procedural flaw." *Ibid.* (quotation marks omitted).

The Court respectfully suggests that reasoning is flawed and cannot accept it for several reasons. First, the rule in the Sixth Circuit is that "[a] dismissal under § 1997e should be without prejudice." *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)); *see also Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Adopting the magistrate judge's recommendation to dismiss some of the plaintiff's unexhausted claims would violate that precedent.

Second, failure to exhaust administrative remedies is an affirmative defense that the defendant must raise properly. *Jones v. Bock*, 549 U.S. 199, 216 (2007). If a defendant fails to raise the defense at the proper time, it may be waived. Dismissing an unexhausted claim with prejudice would bar the claim in future cases and permit defendants to avoid the procedural requirements for raising that defense.

Third, dismissing claims with prejudice assumes that a prison would always enforce its procedural rules for late-filed grievances and never address the merits. The Sixth Circuit's decision in *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325-26 (6th Cir. 2010), demonstrates the fallacy of that reasoning. If a prison did address the merits of a late-filed grievance, an earlier dismissal with prejudice of the claim by a court would countenance "undeserved insulation from federal judicial review." *Id.* at 326; *see also Roberson v. Martens*, No. 09-861, 2010 WL 3779544, at *7 (W.D. Mich. Aug. 25, 2010).

Finally, in order to conclude that a procedural defense would forever bar the plaintiff's claim, the Court must foresee the context in which the claim might be raised again, for example, when the plaintiff files a second case based on the same set of facts. It is impossible for the Court to predict what will happen in a future case. Without the benefit of future factual development, the Court's opinion would be advisory in nature. *Cf. Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002) (citing *Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 627 (6th Cir. 1987)); *see also VanWulfen v. Montmorency Cnty.*, 345 F. Supp. 2d 730, 741 (E.D. Mich. Nov. 10, 2004) (discussing advisory opinions and the ripeness doctrine).

The Court concludes, therefore, that although the defendants prevail on their affirmative defense of failure to exhaust available administrative remedies, that victory must lead to a dismissal of the amended complaint without prejudice.

### III.

The Court agrees with the magistrate judge that the motion to dismiss by the CMS defendants should be treated as a motion for summary judgment under Rule 56. The Court also agrees that the plaintiff has not raised a material fact question on the affirmative defense of failure to exhaust administrative remedies and the defendants are entitled to dismissal as a matter of law. However, the dismissal must be without prejudice.

Accordingly, it is **ORDERED** that the magistrate judge's amended report and recommendation [dkt #185] is **ADOPTED IN PART**.

It is further **ORDERED** that the plantiff's objections to the magistrate judge's report and recommendation [dkt #186] are **OVERRULED**.

It is further **ORDERED** that the defendants' motions to dismiss or for summary judgment [dkt #137, 138] are **GRANTED**.

It is further **ORDERED** that the amended complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                      s/David M. Lawson
                                                      DAVID M. LAWSON
                                                      United States District Judge

Dated:   March 31, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2011.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL