UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McCLOY,

        Plaintiff,

v.

CORRECTION MEDICAL SERVICES
LAFLER, RIVARD, WASHINGTON,
DOVE, PATTON, AMY BURTON,
DIANE TEMPLE, WILKENSON,
TROMBLEY, THOMSON, MORRIS,
CO PEUTRICH, and CO CHAPELO,

        Defendants.
_____/

Case No. 07-13839

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

### REPORT AND RECOMMENDATION
### MOTION FOR RELIEF FROM JUDGMENT (Dkt. 193)

**I.    PROCEDURAL HISTORY**

Plaintiff, David McCloy, filed this lawsuit against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. 1). Although his initial complaint was not entirely clear, apparently, plaintiff claims that defendants failed to provide him with regular and necessary insulin injections for his diabetes. (Dkt. 1). Plaintiff filed an application to proceed *in forma pauperis*, which was granted on October 26, 2007. (Dkt. 5, 7). District Judge David M. Lawson referred this matter for all pretrial purposes to Magistrate Judge R. Steven Whalen on November 9, 2007. (Dkt. 9). This matter was reassigned to

the undersigned on January 14, 2008. (Dkt. 14). The undersigned previously entered an order designating plaintiff's response to defendants' motions for more definite statement as his amended complaint. (Dkt. 47, 98).

On May 7, 2009, defendants Amy Burton and Correctional Medical Services (CMS) filed a motion to dismiss based primarily on a defense of failure to exhaust administrative remedies. (Dkt. 137). The remaining defendants, all current or former employees of the Michigan Department of Corrections (MDOC), filed a motion for summary judgment on May 11, 2009, also raising a failure to exhaust defense, among others. (Dkt. 138). After some difficulty in getting an order for response served on plaintiff, he filed a response to these motions on February 22, 2010. (Dkt. 155). On April 1, 2010, the undersigned recommended that the Court grant defendants' motions and dismiss plaintiff's complaint. (Dkt. 160).

On June 30, 2010, Judge Lawson entered an order assigning plaintiff *pro bono* counsel. (Dkt. 168). On August 2, 2010, Judge Lawson vacated the report and recommendation and remanded the matter to the undersigned for further proceedings. (Dkt. 176). After the parties filed supplemental briefs and oral argument was held, the undersigned recommended that defendants' motions be granted. (Dkt. 185). The report and recommendation was adopted over plaintiff's objection and judgment entered in defendants' favor on March 31, 2011. (Dkt.

191, 192). On October 17, 2011, plaintiff filed what the Court has interpreted as a motion for relief from judgment. (Dkt. 193, 194).[1] This motion was referred to the undersigned for report and recommendation. (Dkt. 195, 198). Responses were filed on November 10 and 16, 2011. (Dkt. 196, 197). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for relief from judgment be **DENIED**.

## II. ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[1] Dkt. 194 is merely a continuation of the voluminous exhibits attached to plaintiff's motion and is not a separate motion.

However, a "Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues." *McNeil v. United States*, 113 Fed.Appx. 95, 97-98 (6th Cir. 2004). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004), quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). To grant or deny a motion for relief from judgment under Rule 60(b) is within the sound discretion of the trial court. *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (citations omitted). "'The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (citations omitted).

Plaintiff does not specify the subsection pursuant to which he seeks relief from judgment. But, he claims that he has shown when and where the various grievances were filed and the interference with his due process rights. Possibly, plaintiff is claiming that he has new evidence, but his theory is not entirely clear. Plaintiff then proceeds to list all his various grievances and identify all the incidents of interference with his attempts to exhaust the grievance process for approximately 20 pages. Plaintiff then asks to by-pass the PLRA's exhaustion

requirement, based on the alleged interference. Plaintiff previously argued – and offered no supporting evidence - that defendants prevented him from complying with the grievance procedure. (Dkt. 185, Pg ID 1584). The undersigned concludes that plaintiff merely seeks to relitigate matters already decided and has offered nothing new in the way of evidence or any claim of error other than that he disagrees with the Court's previous conclusions. For these reasons, plaintiff's motion should be denied.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for relief from judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 12, 2012              s/Michael Hluchaniuk
                                 Michael Hluchaniuk
                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 12, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Ziyad I. Hermiz, Jonathan F. Jorissen, Randall A. Juip, Michael J. Lavoie, Brian J. Richtarcik, Matt H. Wesorick, and Scott R. Rothermel, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): David McCloy, ID# 471229, CHARLES EGELER RECEPTION & GUIDANCE CENTER - Duane Waters Hospital, 3855 Cooper Street, Jackson, MI 49201.

                                 s/Tammy Hallwood
                                 Case Manager
                                 (810) 341-7887
                                 tammy_hallwood@mied.uscourts.gov